# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| RANDOLPH THOMAS, | : | |
|     Plaintiff, | : | Case No. 3:08cv00273 |
| vs. | : | District Judge Walter Herbert Rice |
| | | Magistrate Judge Sharon L. Ovington |
| PROJECT C.U.R.E., INC., | : | |
|     Defendant. | : | |

# REPORT AND RECOMMENDATIONS[1]

## I. INTRODUCTION

Plaintiff Randolph Thomas brings this case claiming in part that his former employer, Defendant Project C.U.R.E., Inc., violated his rights under the Americans with Disabilities Act of 1990. The case is presently before the Court upon Defendant's Motion For Partial Dismissal Pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. # 4), Thomas' Memorandum In Response (Doc. #8), Defendant's Reply (Doc. #10), and the record as a whole.

## II. THE COMPLAINT

Thomas began working for Defendant Project C.U.R.E., Inc. in 1989 as an outpatient drug counselor. Thomas suffered from gangrene in his right foot, which was consequently amputated. (Doc. #1 at ¶s11-13). The Complaint does not specify when Thomas began to suffer from gangrene or when his right foot was amputated. The

---

[1] Attached hereto is a NOTICE to the parties regarding objections to this Report and Recommendations.

Complaint explains, however, that when Defendant first hired him, he "had disclosed all medical restrictions by reasons of his disability, which was permanent." *Id*. at ¶14.

The Complaint alleges that he began to suffer "increasing pain as his disability had worsened; thereafter he sought restricted work duty as to walking up and down stairs and long distances in accordance with his physician's request; Plaintiff had previously met all quotas in his work." *Id*. at ¶15. Defendant's Human Resources Department informed Thomas that there was no restricted duty for counselors. *Id*. at ¶16. Yet, according to the Complaint, Defendant made accommodations for three other employees who performed duties as counselors. *Id*. at ¶17

Defendant terminated Thomas' employment on July 27, 2007. He was told by Defendant that his termination was due to a work force reduction. *Id*. at ¶18.

In addition to Thomas' claims under the Americans with Disabilities Act of 1990 (ADA), his Complaint raises two state-law claims: wrongful termination in violation of Ohio public policy, and intentional infliction of emotional distress.

### III. MOTION TO DISMISS STANDARDS

Defendant's Motion seeks dismissal of Thomas' state-law claims under Fed. R. Civ. P. 12(b)(6).

In ruling on a Motion to Dismiss under Fed. R. Civ. P. 12(b)(6), this Court must construe the Complaint in the plaintiff's favor, accept the allegations as true, and draw all reasonable inferences in the plaintiff's favor. *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009); *see Evans-Marshall v. Bd. of Education of Tipp City*, 428 F.3d 223, 228 (6th Cir. 2005).

"[I]n order to survive a Rule 12(b)(6) motion, the nonmoving party must provide 'more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.... Factual allegations must be enough to raise a right to relief above the speculative level.'" *Gunasekera*, 551 F.3d at 466 (quoting in part *Bell Atlantic v.*

*Twombly*, 550 F.3d 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007)). A Complaint containing facts creating only "a *suspicion* of a legally cognizable right of action is insufficient." *Bishop v. Lucent Technologies, Inc.*, 520 F.3d 516, 519 (6th Cir. 2008).

The measure of a Rule 12(b)(6) Motion to Dismiss – requiring the Complaint to raise a claim for relief above the speculative level – "does not 'require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is plausible on its face.'" *Bassett v. National Collegiate Athletic Ass'n.*, 528 F.3d 426, 430 (6th Cir. 2008)(quoting in part *Twombly*, 127 S.Ct. at 1965). Consequently, examination of a Complaint for a plausible claim for relief is undertaken in conjunction with "the well-established principle that 'Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" *Gunasekera*, 551 F.3d at 466 (quoting in part *Erickson v. Pardus*, 551 U.S. 89, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007) (quoting *Twombly*, 127 S.Ct. at 1964)).

**III. DISCUSSION**

Defendant argues that dismissal of Thomas' wrongful termination/public policy claim is warranted under Rule 12(b)(6) because Ohio law does not recognize a separate public policy claim when there is an available statutory remedy. Thomas does not contest the dismissal of his wrongful termination claim. (Doc. #8 at 1, 6).

Defendant also argues that Thomas' Complaint fails to state a claim for intentional infliction of emotional distress because the Complaint does not allege sufficient facts to show that Defendant's conduct was extreme and outrageous or that Thomas suffered serious or severe emotional distress.

"[I]n order to state a claim for intentional infliction of emotional distress in Ohio, a

plaintiff must allege that (1) defendants intended to cause emotional distress, or knew or should have known that their actions would result in plaintiff's serious emotional distress, (2) defendants' conduct was extreme and outrageous, (3) defendants' actions proximately caused plaintiff's emotional injury, and (4) plaintiff suffered serious emotional anguish." *Miller v. Currie*, 50 F.3d 373, 377 (6th Cir. 1995)(citations omitted).

Although "to say that Ohio Courts narrowly defined 'extreme and outrageous conduct would be something of an understatement," *Godfredson v. Hess & Clark, Inc.*, 173 F.3d 365, 376 (6th Cir. 1999) (citation omitted), dismissal of such claims at the summary judgment stage – rather than the motion to dismiss stage – is not unusual. *E.g., Godfredson*, 173 F.3d at 376; *cf. Miller*, 50 F.3d at 377-78 ("It is well accepted that intentional infliction of emotional distress claims may entirely be dealt with on summary judgment or in a motion to dismiss." (citation omitted)).

Accepting Thomas' allegations as true, the Complaint sets forth sufficient facts to show that Defendant knew about Thomas' right-leg gangrene, knew about his right-foot amputation, discriminated against him during his employment by rejecting his reasonable requests for certain work restrictions while providing accommodations to three other employees with job duties similar to Thomas. The Complaint also states that Defendant could have continued to work for Defendant in a limited capacity. But Defendant terminated Thomas' employment even though Defendant knew he "would not be able to perform <u>ancillary</u> duties fully while recovering from his injuries." (Doc. #1 at ¶32)(emphasis added). The Complaint further states that Thomas suffered financial losses causing him mental anguish due to his inability to find other similar employment, and that Defendant "knew or should have known that it was placing Thomas in such [a] difficult financial situation upon his termination." (Doc. #1 at ¶33-34). These allegations present more than mere labels and conclusions; they amount to sufficiently specific factual allegations to provide Defendant with fair notice of Plaintiff's claim and the grounds upon which it rests. *See Gunasekera*, 551 F.3d at 466. The Complaint therefore

4

sets forth a plausible, non-speculative claim of intentional infliction of emotional distress.

While there is little doubt that the Complaint could have alleged additional facts, particularly about the nature of Thomas' mental anguish, there is no heightened-pleading requirement for claims of intentional infliction of emotional distress. *See* Fed. R. Civ. P. 9(b). Indeed, "Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions." *Swierkwicz v. Sorema N.A.*, 524 U.S. 506, 513-14, 122 S.Ct. 992 (2002) (discussing exceptions listed in Rule 9(b)). "Other provisions of the Federal Rules of Civil Procedure are inextricably linked to Rule 8(a)'s simplified notice pleading standard. Rule 8(e)(1) states that '[n]o technical forms of pleading or motions are required, and Rule 8(f) provides that '[a]ll pleadings shall be so construed to do substantial justice." *Swierkwicz*, 524 U.S. at 513-14. In light of these simplified-notice pleading provisions, and the above conclusion that Thomas' Complaint presents a plausible, non-speculative claim of intentional infliction of emotion distress, the Complaint need not present additional factual allegations. *Cf. Swierkwicz*, 524 U.S. at 515 ("Rule 8(a) establishes a pleading standard without regard to whether a claim will succeed on the merits. 'Indeed it may appear on the face of the pleadings that a recovery is very remote and unlikely but that is not the test.'" (citation omitted)).

Accordingly, Defendant's Motion to Dismiss Plaintiff's third cause of action for intentional infliction of emotional distress lacks merit.

**IT IS THEREFORE RECOMMENDED THAT:**

1. Defendant Project C.U.R.E. Inc.'s Motion to Dismiss (Doc. #4) be GRANTED in part and Plaintiff's Second Cause of Action (Wrongful Termination – State Law Claim) be DISMISSED; and

2. Defendant Project C.U.R.E. Inc.'s Motion to Dismiss (Doc. #4) be DENIED in remaining part.

April 24, 2009

                                                                            s/ Sharon L. Ovington
                                                                             Sharon L. Ovington
                                                         United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

  Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within ten days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is extended to thirteen days (excluding intervening Saturdays, Sundays, and legal holidays) because this Report is being served by mail. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within ten days after being served with a copy thereof.

  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir. 1981); *Thomas v. Arn,* 474 U.S. 140 (1985).